IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BARRY CRAWFORD,<br><br>　　　　Defendant. | **8:11CR353**<br><br>**MEMORANDUM AND ORDER** |
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BARRY CRAWFORD,<br><br>　　　　Defendant. | **8:11CR383**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Barry Crawford's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255, Filing No. 46 in case 8:11cr353 and Filing No. 29 in case 8:11cr383.

I.　BACKGROUND

Crawford seeks relief under *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015) and *Descamps v. United States*, 133 S. Ct. 2276, 2282 (2013).[1] Crawford was sentenced as a career offender under United States Sentencing Guidelines ("U.S.S.G.")

---

[1] In *Johnson*, the Supreme Court found the residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) (the "ACCA"), was unconstitutionally vague in violation of due process of law and no longer enforceable. *Johnson*, 135 S. Ct. at 2557. The Supreme Court gave the decision in *Johnson* retroactive effect in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

In *Descamps*, the Supreme Court found that a state burglary conviction qualifies as a predicate offense under the ACCA only if its statute's elements are the same as, or narrower than, those of generic burglary. *Descamps*, 133 S. Ct. at 2283.

§ 4B1.2(a)(2). He contends that his previous conviction for burglary no longer qualifies as a crime of violence and his sentence is therefore a violation of due process.

In opposition, the government argues that Crawford is ineligible for § 2255 relief because: (1) under *Beckles v. United States*, 137 S. Ct. 886, 891–92 (2017), the Supreme Court's holding in *Johnson* does not apply to USSG § 4B1.2's Career Offender Guideline; (2) *Johnson* does not retroactively apply to the Guidelines; and (3) the motion is not timely under § 2255(f)(3), because *Beckles* confirms that the Supreme Court still has not recognized a "new" due process right not to have one's Guidelines range calculated under an allegedly vague provision.

The court held a hearing on the motion on Nov. 11, 2016. At the time of the hearing, the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886, 891–92 (2017), which was to address the issue of whether the Supreme court's holding in *Johnson* extended to the corresponding Guidelines career-criminal enhancement was pending. This court accordingly held the § 2255 motion in abeyance pending resolution of that case.

II. UNDERLYING CONVICTION AND SENTENCE

The record shows that Crawford was indicted in a two-count Indictment in case No. 8:11CR353 on October 18, 2011. He was charged in Count I with knowingly and intentionally possess with intent to distribute cocaine base, i.e., crack cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. 841(a)(1) and (b)(1), and in Count II with being a felon in possession of a firearm on September 2, 2011. On November 4, 2011, he entered pleas of not guilty to the Indictment and was detained. Shortly thereafter, Crawford was indicted on another charge of being a felon in

possession of a firearm, this time for an offense that occurred on November 2, 2011 in case No. 8:11cr383. On February 28, 2012, the defendant entered pleas of guilty to the charges in both cases.

The United States Probation Office ("Probation Office") determined that Crawford's base offense level was 24 under the Guidelines career-offender provision, U.S.S.G. § 2K2.1(a)(2). That provision applies if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 2K2.1(a)(2). As predicate offenses, the Probation Office relied on a 2003 federal drug trafficking conviction and a 2003 Nebraska state court conviction for burglary.

The Probation Office found Crawford's sentence was subject to enhancements of two levels under § 2K2.1(b)(4)(A) for a stolen firearm and four levels under § 2K2.1(b)(6)(B) for use or possession of a firearm in connection with a felony offense, resulting in an adjusted offense level of 30. The defendant was entitled to a two-level reduction for acceptance of responsibility resulting in a total offense level of 28. However, because of his two prior convictions, Crawford's base offense level became 32 under 4B1.1(b)(3). After a two level adjustment for acceptance of responsibility, his base offense level was 30.

Probation determined that Crawford's criminal history category was VI, based on the assessment of 11 criminal history points as follows: three points for a state court conviction for burglary in 2003; three points for a state court conviction for possession of a controlled substance in 2002; three points for a federal conviction of possession with intent to deliver crack cocaine in 2003; and two points for committing the instant drug

3

trafficking offense while on supervised release for the federal conviction. His criminal history category under the Guidelines career offender provision was also VI. Based on a criminal history category of VI at offense level 30, Crawford's Guidelines sentencing range was 168-210 months. The maximum statutory sentence for the felon-in-possession charges was 120 months, so 120 months became Crawford's Guidelines sentence for those charges under U.S.S.G. § 5G1.1(a).

No count of conviction had a mandatory minimum sentence. A career offender's offense level is determined in part by referencing the statutory maximum penalty of the crime of conviction. U.S.S.G. § 4B1.1(b). The drug distribution conviction had a maximum sentence of 20 years under 21 U.S.C. § 841(b)(1)(C) and the felon in possession convictions each had a maximum penalty of 10 years.

The government adopted the findings in the PSR. Crawford moved for a departure or a sentence outside the Guidelines, arguing that a sentence of 85 months (roughly seven years) would be appropriate. The court imposed a sentence outside the Guidelines and sentenced the defendant to 144 months (roughly 12 years) imprisonment on the drug distribution count, and 120 months on each of the felon-in-possession counts, to be served concurrently to a sentence of twenty-four months for a supervised release violation in Case No. 8:03cr14.

III. LAW

Under 28 U.S.C. § 2255, a court may grant relief to a federal prisoner who moves to vacate, set aside or correct his sentence on any of the following grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence

4

was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The statute provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979). Relief is reserved for violations of constitutional rights and for a narrow range of injuries which were outside a direct appeal and which, if untreated, would result in a miscarriage of justice. *See Poor Thunder v. United States*, 810 F.2d 817, 821-22 (8th Cir. 1987).

There is a one-year limitations period for a motion to vacate a sentence filed under 28 U.S.C. § 2255. The period typically runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). "The limitations period starts later, however, when the movant asserts a right that 'has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'" *Headbird v. United States*, 813 F.3d at 1095 (quoting 28 U.S.C. § 2255(f)(3)). "In that situation, the one-year limitations period runs from 'the date on which the right asserted was initially recognized by the Supreme Court.'" *Id.* (quoting 28 U.S.C. § 2255(f)(3)).

Under the Guidelines, a defendant is a career offender if: (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a) (2013). Under the Guidelines in force at the time of Crawford's sentencing, a "crime of violence" was defined as "any offense under federal or state law,

5

punishable by imprisonment for a term exceeding one year, that: (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2 (2012) (emphasis added). Subsection (1) is known as the "force clause" of the definition. *See Cervantes v. United States*, 693 F. App'x 470, 471 (8th Cir. 2017). The "or otherwise" clause is referred to as the residual clause. *See United States v. Jordan*, 812 F.3d 1183, 1185 (8th Cir. 2016).[2]

In *Johnson*, the Supreme Court held the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(1) (the "ACCA") was unconstitutionally vague, and therefore void. In *Beckles v. United States*, 137 S. Ct. 886, 892 (2017), the Supreme Court held that the Guidelines, including career offender sections, are not subject to vagueness challenges that may be asserted with respect to the ACCA.

In *Descamps*, the Supreme Court found that a state burglary conviction qualifies as a predicate offense under the ACCA only if its statute's elements are the same as, or narrower than, those of generic burglary. *Descamps*, 133 S. Ct. at 2283. In *Mathis v. United States*, 136 S. Ct. 2243, 2253 (2016), the Supreme Court explained that a court must first determine whether to apply the categorical approach (used when an indivisible statute lists alternative means of committing a single crime) or the modified categorical approach (used when a divisible statute lists alternative elements to define

---

[2] After the Supreme Court held the residual clause to be unconstitutionally vague in the context of the ACCA, the Sentencing Commission announced that it had unanimously voted to eliminate the residual clause of the Guidelines career offender provision. *United States v. Long*, 870 F.3d 792, 797 (8th Cir. 2017). That amendment, however, did not become effective until August 1, 2016. *Id.,* U.S.S.G. app. C, amend. 798. *See Beckles,* 137 S. Ct. at 890.

6

multiple crimes). *Descamps* did not recognize a new right and does not have retroactive effect in cases on collateral review. *Headbird v. United States*, 813 F.3d 1092, 1097 (8th Cir. 2016) (upholding dismissal under § 2255(f) because *Descamps* did not involve "newly recognized" right); *United States v. Montes*, 570 Fed. Appx. 830, 831 (10th Cir. 2014); *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014). Similarly, courts have repeatedly held that *Mathis* did not constitute a change in law. *See United States v. Taylor*, 672 Fed. App'x 860, 864 (10th Cir. 2016) (*Mathis* does not represent a change in the law; instead, "its decision was dictated by decades of prior precedent."); *In re Conzelmann*, 872 F.3d 375, 376 (6th Cir. 2017) ("The Court's holding in *Mathis* was dictated by prior precedent (indeed two decades worth)."); *Washington v. United States*, 868 F.3d 64, 65 (2d Cir. 2017) (Mem.) (stating that the *Mathis* holding "was not based on the Constitution and was based on a rule applied for decades."); *United States v. Taylor*, 672 Fed. App'x 860, 864 (10th Cir. 2016) ("*Mathis* did not announce a new rule."); *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) (finding *Mathis* did not set forth a new rules of constitutional law that was made retroactive to cases on collateral review); *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) ("*Mathis* did not announce such a [new] rule; it is a case of statutory interpretation.").

IV. DISCUSSION

The court finds that Crawford's challenge is foreclosed by the Supreme Court's decision in *Beckles*. He was determined to be a career offender under the Sentencing Guidelines, not the ACCA. Accordingly, the *Johnson* holding has no application in his case. To the extent he argues that *Descamps* and *Mathis* furnish him relief, those

7

cases are not given retroactive effect on collateral review. Accordingly, the court finds that Crawford's § 2255 motion should be denied.

For the reasons set forth above, the court concludes that the petitioner is not entitled to post-conviction relief pursuant to 28 U.S.C. § 2255. Furthermore, the court does not believe that reasonable jurists might find the court's assessment of the petitioner's claims for relief pursuant to 28 U.S.C. § 2255 debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2253(c)(1), due to petitioner's failure to make a substantial showing that he has been denied a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *see also* Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir.1997). Accordingly,

IT IS ORDERED that:

1. The defendant's § 2255 motion (Filing No. 46) in case 8:11cr353 and (Filing No. 29) in case 8:11cr383, is denied.
2. No certificate of appealability will issue.
3. The defendant's motions for status (Filing Nos. 53 and 55) in case 8:11cr353 and (Filing Nos. 36 and 38) in case 8:11cr383 are denied as moot.
4. A judgment in conformity with the Memorandum and Order will issue this date.

Dated this 1st day of March, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge