IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>BARRY CRAWFORD,<br><br>  Defendant. | 8:11CR353 |
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>BARRY CRAWFORD,<br><br>  Defendant. | 8:11CR383<br><br>ORDER |

This matter is before the Court on the defendant's motion requesting a judicial recommendation concerning length of halfway house placement, Filing No. 63 in 8:11CR353; Filing No. 45 in 8:11CR383. Crawford asks the Court to recommend to the Bureau of Prisons ("'BOP") that he be placed in a residential re-entry center for a period of twelve (12) months prior to the end of his sentence.

The record shows that Crawford was indicted in a two-count Indictment in case No. 8:11CR353 on October 18, 2011. He was charged in Count I with knowingly and intentionally possess with intent to distribute cocaine base, i.e., crack cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. 841(a)(1) and (b)(1), and in Count II with being a felon in possession of a firearm on September 2, 2011. On November 4, 2011, he entered pleas of not guilty to the Indictment and was detained. Shortly thereafter,

Crawford was indicted on another charge of being a felon in possession of a firearm, this time for an offense that occurred on November 2, 2011 in case 8:11cr383. On February 28, 2012, the defendant entered pleas of guilty to the charges in both cases. On June 4, 2012 Defendant was sentenced by this court to a term of 144 months (roughly twelve years) imprisonment on Count I and 120 months on Count II on case 8:11CR353 and 120 months imprisonment on case 8:11CR383, said terms of imprisonment to be served concurrently and concurrently to a sentence of twenty-four months for a supervised release violation in Case No. 8:03cr14. The Court imposed a sentence outside the Guidelines and sentenced the defendant to 144 months (roughly 12 years) imprisonment on the drug distribution count, and 120 months on each of the felon-in-possession counts. Crawford was sentenced as a career offender under the Guidelines.

In support of his motion, the defendant has shown that in preparation for reentry into society he has participated in numerous rehabilitative programs, including the Residential Drug Abuse Treatment Program ("RDAP"), RDAP Follow Up Treatment, Living Skills: Values And Responsibilities, Core Training, Narcotics Anonymous and several academic courses.

Under the Second Chance Act of 2007, a federal prisoner's eligibility for pre-release placement in a Residential Reentry Center ("RRC") increased from 6 to 12 months. 18 U.S.C. § 3624(c)(1). The BOP has exclusive statutory authority over a prisoner's imprisonment placement. 18 U.S.C. § 3621(b). The BOP exercises its authority to determine individual prisoner RRC placements by applying the criteria set forth in 18 U.S.C. § 3621(b). Relevant to the instant motion, one of the factors the BOP

considers is "any statement by the court that imposed the sentence . . . (B) recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4)(B). Thus, sentencing courts are empowered to make judicial recommendations for RRC to BOP. *Id.* However, the recommendation has "no binding effect" on BOP's authority to determine or change a prisoner's placement at a certain correctional institution. 18 U.S.C. § 3621(5). The BOP is uniquely charged with designating "the place of a prisoner's imprisonment." 18 U.S.C. § 3621(b). Under the Second Chance Act,

> The Director of the [BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c); *see* 28 C.F.R. § 570.20(a) ("Community confinement is defined as residence in a community treatment center, halfway house, restitution center, mental health facility, alcohol or drug rehabilitation center, or other community correctional facility (including residential re-entry centers); and participation in gainful employment, employment search efforts, community service, vocational training, treatment, educational programs, or similar facility-approved programs during non-residential hours."). The BOP's decision to place a prisoner preparing to re-enter civilian life in a residential re-entry center must be based on an individualized determination, in order "to provide the greatest likelihood of successful reintegration into the community." *Id.*, § 3624(c)(6); *see also United States v. Kuba*, No. 06-20114-CR, 2018 WL 7357403, at *1 (S.D. Fla. Sept. 13, 2018).

3

While the Court may make a recommendation as to the appropriate correctional facility, "a district court's recommendation to the [BOP] is just that—a recommendation." *United States v. Cebellos*, 671 F.3d 852, 855 (9th Cir. 2011). A request by a sentencing court "shall have no binding effect on the authority of the Bureau . . . to determine or change the place of imprisonment of that person." 18 U.S.C. § 3621(b).

Defendant Crawford has been incarcerated for a large part of his adult life and is currently housed Federal Correctional Institution ("FCI") McDowell in Welch, West Virginia. According to the BOP website, his projected release date is February 12, 2022. *See* https://www.bop.gov/inmateloc/. He has been unemployed most of his adult life, and has few skills or special training. He has obtained a GED, but his employment prospects would not be promising without the retraining assistance at a federal RRC.

Crawford received a lengthy sentence, commensurate with the seriousness of his crimes. The Court finds that residential reentry placement would maintain the integrity of the Court's original sentence and would allow Crawford the opportunity to address and to hopefully correct the elevated risk of recidivism caused by his lengthy prison record, the nature of his offenses, his limited job skills, meager employment history, poor vocational opportunities, and lack of savings, assets, or a release residence. Crawford would benefit from a correctional facility with superior transitional programs to help inmates reintegrate into society and rebuild ties to the community. Given the apparent attempts at rehabilitation shown by his educational pursuits, the Court believes that Crawford may be a good candidate for early placement into a residential re-entry center/halfway house for twelve months before the end of his sentence.

Assuming there is no objection from the Government, the Court finds Crawford's motion should be granted and will recommend to the BOP that Crawford be placed in a Residential Re-Entry Center for a period of twelve (12) months prior to expiration of the end of his sentence. Accordingly,

IT IS ORDERED that:

1. The defendant's motion for a judicial recommendation (Filing No. 63 in 8:11CR353 and Filing No. 45 in 8:11CR383) is granted.

2. The Court recommends to the BOP that defendant Crawford be placed at a residential re-entry center/halfway house.

3. The United States Attorney shall forward this non-binding recommendation to the appropriate BOP officials responsible for making prerelease custody decisions.

4. Further, the Clerk is directed to serve a copy of this memorandum opinion and order on the Warden of FCI McDowell, 101 Federal Drive, Welch, WV 24801, and to Crawford's case manager at that facility.

Dated this 4th day of March, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge